UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEITH NYBERG**
    **Plaintiff,**
v.                                    **CASE NO.: 6:22-cv-1567**

**EMERGE HEALTHCARE GROUP, LLC**
    A Florida Limited Liability Company
**FCID MEDICAL, INC.**
    a Florida Profit Company,
**FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC**
    A Delaware Limited Liability Company, and
**FIRST CHOICE HEALTHCARE SOLUTIONS, INC.**
    A Delaware Corporation, and
**LANCE FRIEDMAN**,
    individually.
    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **KEITH NYBERG** by and through his undersigned counsel, sues Defendants, **EMERGE HEALTHCARE GROUP, LLC, FCID MEDICAL, INC., FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC, FIRST CHOICE HEALTHCARE SOLUTIONS, INC.** and **LANCE FRIEDMAN** (hereinafter "Defendants"), and alleges as follows:

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Florida Minimum Wage Act, Fla. Stat. § 448.110, and Florida common law.

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff KEITH NYBERG ("Plaintiff") is and has been a resident of Brevard County, Florida, at all times material herein.

*Defendants*

4. First Choice Healthcare Solutions, Inc. ("**First Choice**") is a Delaware for-profit corporation organized and existing under the laws of the State of Delaware with its principal address located in Brevard County, Florida.

5. Defendant, FCID Medical, Inc. (**FCID**") is a Florida for-profit corporation organized and existing under the laws of the State of Florida with its principal address located in Brevard County, Florida. FCID is a wholly owned subsidiary of First Choice.

6. Defendant, First Choice Medical Group of Brevard, LLC ("**Medical Group**") is a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware with its principal address located in Brevard County, Florida. Medical Group is a wholly owned subsidiary of FCID.

7. On or about June 15, 2020, First Choice, FCID, and Medical Group[1] each filed Chapter 11 bankruptcy petitions which were jointly administered.

---

[1] Collectively, "First Choice Defendants"

8. The joint plan of reorganization of the First Choice Defendants was confirmed on or about February 21, 2021.

9. Following the confirmation of the reorganization plan, the First Choice Defendants rebranded as "Emerge Healthcare"

10. At all times relevant to the acts which give rise to the claims asserted by Plaintiff, Defendants were doing business as Emerge Healthcare.

11. Defendant, Emerge Healthcare Group, LLC ("**Emerge**") is a Florida Limited Liability Company organized and existing under the laws of the State of Florida with its principal address located in Brevard County, Florida. Emerge filed its articles of organization on June 9, 2022.

12. Defendant, Lance Friedman ("**Friedman**") is and has been a resident of Duval County, Florida, at all times material herein.

13. Defendant, Friedman is the CEO of First Choice, FCID and Manager of Emerge and Medical Group.

**Integrated Enterprise**

14. First Choice is the parent company the corporate Defendants.

15. First Choice does business and operated through its subsidiaries.

16. Defendant, Friedman is the CEO of First Choice, FCID and Manager of Emerge and Medical Group.

17. FCID and First Choice both maintain their principal place of business at 95 Bulldog Blvd, Suite 202, Melbourne, Florida 32901.

18. Medical Group is a wholly owned subsidiary of FCID.

19. Medical Group owns the fictitious name, "Emerge Healthcare Group, LLC", Registration number G22000072140.

20. Medical Group and Emerge both maintain their principal place of business at 1344 South Apollo Blvd, Suite 300, Melbourne, Florida 32901.

*Paychecks*

21. From the beginning of his tenure until on or about April 3, 2022, Plaintiff received paychecks from FCID.

22. From on or about April 4, 2022, through the end of his tenure, Plaintiff received paychecks from Medical Group.

23. Defendants have not issued payroll covering the time period of June 13, 2022, through the present.

**Payroll Communications**

*April 2022*

24. On April 7, 2022, Friedman sent a memo to "All Emerge Employees" which explained that Defendants did not have funding to make payroll on April 8, 2022. Friedman also stated that if any fees were incurred from banks as a result, Emerge employees would be reimbursed.

25. On April 11, 2022, Friedman sent an email to the "Emerge healthcare Team" stating that Defendants expected to have "funds sufficient to meet payroll requirements" the following day April 12, 2022, and payroll would be paid on the morning of April 13, 2022.

26. On April 12, 2022, Friedman sent an email to the "Emerge healthcare Team" explaining that the company had raised over $8 million dollars, but the company would not be able to make payroll on April 13, 2022.

27. On April 13, 2022, Friedman sent an email to the "Emerge healthcare Team" stating that payroll would be paid on April 14, 2022.

28. On April 14, 2022, an email with the subject line, "Payroll Update", which explained that employees would not be paid until April 15, 2022.

29. On April 21, 2022, First Choice CFO, Phillip Keller ("Keller") sent an email with the subject line, "Payroll Update- Friday 4/22/22" wherein he explained that the company had not received funding as expected and payroll would be delayed until at least April 22, 2022.

30. On April 22, 2022, Keller sent a follow up email stating that funds were received late in the day, thus delaying payroll until "Monday, April 25, possibly Tuesday".

31. On April 25, 2022, Gillian Lee ("Lee"), Friedman's executive assistant, sent an email with the subject line, "Payroll Update- Friday 4/22/22" explaining that

only some of the payroll funds were received and payroll should be paid "Tuesday evening or Wednesday".

32. On Wednesday, April 27, 2022 Lee sent an email with the subject line, "Payroll Update- Friday 4/22/22" explaining that payroll roll was not paid, as they are still waiting on funds from investors. Lee went on to explain, "We don't have any other information to share at this point in time. We will let you know more as soon as we do."

*June 2022*

33. On June 16, 2022, Friedman sent out an internal memo to "All Emerge Employees" regarding payroll for June 17, 2022. In the memo, Friedman explains that payroll for June 17, 2022, would not be paid timely. Friedman goes on to explain that it should be paid on or before June 23, 2022.

34. On June 23, 2022, Friedman sent an email with the subject line "Memo from the CEO- Payroll 061722" wherein he states that he was "cautiously optimistic" that payroll could be paid June 24, 2022.

35. On June 24, 2022, Friedman sent an email with the subject line "Memo from the CEO- Payroll 061722" wherein he stated, "as soon as we receive funds we will distribute the 6/17/22 payroll. Next week you will receive this delayed payroll and standard payroll (7/1/22) will be distributed as a separate, on time, check.

36. On June 30, 2022, Friedman sent an internal memo to All Emerge Employees" with the subject line "Payroll Distribution July 1, 2022" wherein he stated that "payroll will not be distributed until next week."

*July 2022*

37. On July 8, 2022, Friedman sent a memo to All Emerge Employees regarding updates for Emerge Healthcare. In the memo, Mr. Friedman states that he expects payroll "in the next 4-6 business days" and confirmed that the employees' United Healthcare plan was inactive.

38. On July 15, 2022, Friedman sent a memo to All Emerge Employees regarding "Payroll Distribution Update" wherein Friedman states that payroll for July 1, 2022 would be distributed on July 18, 2022 and that payroll due on July 15, 2022 would be paid when funds are available. The memo confirms that the United Healthcare plan was still not active, and that the company anticipates that the "investments received next week will bring our obligation current".

39. On July 29, 2022, Friedman sent an email Defendants' employees stating,
Team,

> Thank you for your continued support and belief in Emerge Healthcare.
>
> As we push through this together, we understand your frustration and concerns. You will be paid all payroll and expenses that are due.

> We have made significant progress in closing the current investors this week. As soon as funding is received, we will begin distribution of payroll checks.
>
> We will remain in contact as information is available. When we have payroll addressed, we will also satisfy the amounts in arrears with both United Healthcare, Florida Blue as well as continuing operations.
>
> Lance

**FLSA/FMWA**

40. At all times relevant, Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

41. Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

42. At all times material hereto, Defendants First Choice, FCID, Medical Group and Emerge were a single enterprise.

43. At all times material hereto, Defendants were joint employers of the Plaintiffs.

44. This action arises under FLSA, 29 U.S.C. § 206(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

45. At all times material hereto, Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 206(a).

46. At all times material hereto, Defendants were engaged in interstate commerce per 29 U.S.C. §203(s) because they had employees who handled goods, materials and supplies which moved in interstate commerce.

47. At all times material hereto, Defendants had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

48. At all times relevant to this action, Defendant, Friedman was the CEO or manager of First Choice, FCID, Medical Group and Emerge and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees of and (c) control the finances and operations of. By virtue of having regularly exercised that authority on behalf of Defendants, Friedman is/was an employer as defined by 29 U.S.C. §201, et seq.

49. Defendants are in possession of time and compensation records, and responsible for their storage and safekeeping.

50. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

51. Venue is proper in the Orlando Division of the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in this District, as it is where the breach of the employee benefits contract between the parties took place.

52. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

53. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent their interest in this matter and Plaintiffs have agreed to pay said firm a reasonable attorney's fee for its services.

## I.     Background

54. Plaintiff worked for Defendants as a X-Ray Technician at a rate of $22.14 per hour.

55. Until March 2022, Plaintiff's paycheck came from FCID.

56. In or about April 2022, Plaintiff's paychecks started to come from Medical Group.

57. Plaintiff has not received any pay for those hours worked between June 13, 2022, and his final day on August 4, 2022.

58. Between June 13, and August 4, 2022, Plaintiff estimates that he worked 464 hours for which he was not paid.

59. Additionally, July 4, 2022, was a paid holiday for which Plaintiff has not been paid.

60. Pursuant to Fla. Stat. 448.110(6)(a), Plaintiff notified his employer of the alleged violations of Fla. Stat. §448.110. More than 15 calendar days have elapsed since Defendants received the notice, but they have failed to resolve the claim.

## COUNT I: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

61. Plaintiff re-alleges and incorporates paragraphs 1 through 60 of this Complaint as set forth in full herein.

62. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiff at a rate not less than $7.25 per hour.

63. Plaintiff is owed for approximately 464 hours which he worked for the Defendants yet remains uncompensated.

64. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendants.

65. Defendants are not exempt from the minimum wage provision of the FLSA. Paying Plaintiff less than minimum wage is a violation of the Fair Labor Standards Act.

66. Defendants are joint employers of Plaintiff.

67. Defendants are a single integrated enterprise.

68. Defendants' actions were intentional, reckless or malicious.

69. Defendants' actions were not done in good faith.

70. As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff has been damaged.

71. Specifically, Defendants are liable to the Plaintiff for unpaid minimum wages, liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which he may be entitled, including, but not limited to:

A. Unpaid minimum wages found to be due and owing;

B. An additional and equal amount of liquidated damages;

C. An award of reasonable attorney fees and all costs incurred herein; and;

D. All other damages to which Plaintiff may be entitled

## COUNT II: VIOLATION OF THE
## FLORIDA MINIMUM WAGE ACT AND FLORIDA CONSTITUTION

72. Plaintiff re-alleges and incorporates paragraphs 1 through 60 of this Complaint as set forth in full herein.

73. This is an action for unpaid minimum wages owed to the Plaintiff and attorney's fees and costs are awardable pursuant to Florida Statue § 448.110.

74. The FMWA and Florida Constitution mandate an employer pay its employees at least the minimum wage for each hour worked. FLA. STAT. § 448.110; Fla. Const., Art. X, § 24(c).

75. Plaintiff worked for Defendants but was not paid at least the Florida Minimum Wage for each and every hour worked as required by the FMWA during one or more weeks of work.

76. Defendants failed and/or refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FMWA.

77. Defendants were aware they had suffered and permitted Plaintiff to work without proper compensation for minimum wages under the FMWA.

78. Defendants knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FMWA.

79. Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due violated the minimum wage provisions of the FMWA. See FLA. STAT. § 448.110.

80. As a result of Defendants' unlawful practice, Plaintiff has suffered damages in the form of unpaid wages.

81. The actions of Defendants complained of herein were willful within the meaning of the FMWA at § 448.110.

82. Because of Defendants' actions, Plaintiff had to retain counsel to pursue this cause of action and is entitled to recover attorney's fees and costs connected with this suit.

83. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial.

84. Defendants' failure to compensate Plaintiff at the Florida Minimum Wage for all hours worked was not in good faith.

85. Plaintiff is entitled to recover his unpaid wages plus an equal amount of liquidated damages.

86. Defendants are joint employers of Plaintiff.

87. Defendants are a single integrated enterprise.

88. Defendants are jointly and severally liable to Plaintiff for unpaid wages, liquidated damages, unpaid minimum wages, and attorney's fees and costs.

89. Prior to bringing this action, Plaintiff attempted to resolve this matter with Defendants in accordance with Fla. Stat. §448.110.

90. All conditions precedent to bring this claim have been met.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which he may be entitled, including, but not limited to:

A. Enter judgment for Plaintiff and against Defendants on the basis of Defendant's violations of the minimum wage provisions of the Florida Minimum Wage Act, Title XXXI, Sec. 448.110;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to FLA. STAT. 448.110 and 448.08;

E. Hold Defendants jointly and severally liable to Plaintiff for unpaid wages, liquidated damages, and attorney's fees and costs; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT III: UNPAID WAGES

91. Plaintiff re-alleges and incorporates paragraphs 1 through 60 of this Complaint as set forth in full herein.

92. This is an action for unpaid wages owed to the Plaintiff and attorney's fees and costs are awardable pursuant to Florida Statue § 448.08.

93. Plaintiff entered into an employment agreement with Defendants wherein Plaintiff would work for Defendants in exchange for $22.14 per hour plus paid time off.

94. Defendants failed to pay Plaintiff for 464 hours at a rate of $22.14 per hour.

95. Plaintiff has not been paid for any work done for Defendants since June 13, 2022.

96. Plaintiff has not been paid for the paid holiday, July 4, 2022.

97. Plaintiff fully complied with the terms of the parties' agreement by performing his job duties in a professionally competent manner.

98. Defendants accepting the benefit of Plaintiff's labor but breached their employment agreement by failing to pay Plaintiff his wages.

99. Plaintiff was damaged in the amount of $10,450.08 as a result of wages being withheld.

100. Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

A. Judgment for the back pay found to be due and owing to the Plaintiff;

B. Award of reasonable attorney's fees, cost and interest incurred herein, and;

C. Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues herein triable by jury.

DATED this ___ day of August 2022.

                **ARCADIER, BIGGIE & WOOD, PLLC.**

                */s/ Joseph C. Wood, Esq.*
                Joseph C. Wood, Esq.
                Florida Bar No.: 0093839
                Attorneys for Plaintiffs
                2815 W. New Haven, Suite 304
                Melbourne, Florida 32904
                Primary Email: Office@ABWlegal.com
                Secondary Email: Wood@ABWlegal.com
                Phone: (321) 953-5998
                Fax: (321) 953-6075