## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KEITH NYBERG,

     Plaintiff,

     v.

EMERGE HEALTHCARE GROUP,
LLC; FCID MEDICAL INC.; FIRST
CHOICE MEDICAL GROUP OF
BREVARD, LLC; FIRST CHOICE
HEALTHCARE SOLUTIONS, INC.;
and LANCE FRIEDMAN,

     Defendants.

Case No. 6:22-cv-1567-RMN

## ORDER

This cause comes before the Court on Plaintiff Keith Nyberg's Motion for

Entry of Final Judgment (Dkt. 62), filed on April 2, 2024. On April 16,

Defendants responded in opposition. Dkt. 63. For the reasons discussed below,

the Motion is due to be granted in part and denied in part.

## I.     BACKGROUND

On August 31, 2022, Plaintiff Keith Nyberg filed a Complaint against

Defendants Emerge Healthcare Group, LLC; FCID Medical, Inc.; First Choice

Medical Group of Brevard, LLC; First Choice Healthcare Solutions, Inc.; and

Lance Friedman, individually. Dkt. 1. The Complaint allegations violations of

the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act, and Florida common law. *Id.*

Upon the parties' consent, this case was referred to a magistrate judge to conduct all proceedings and order entry of a final judgment pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Dkt. 29. The Court entered an order granting Plaintiff's Motion for Summary Judgment as it related to Defendant Friedman's individual liability under the FLSA. Dkt. 49. A status conference was held on March 19, 2024, wherein the parties explained that they have stipulated to the remaining unresolved issues in this matter. Dkt. 59. The instant Motion for Entry of Final Judgment followed.

## II.    DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, "the court may direct entry of a final judgment as to one or more, but fewer than all, claim or parties only if the court expressly determines there is no just reason for delay. Fed. R. Civ. P. 54(b). In this case, the Court has granted summary judgment as to Defendant Friedman's individual liability under the FLSA and the parties have stipulated to the remaining issues. Therefore, the Court finds that granting the Motion and entering final judgment for Plaintiff would not prejudice any party to this litigation. Given the Court's rulings and the parties' stipulation, the Court further finds that entry of final judgment is proper and would aid in judicial economy.

The Court denies without prejudice the motion to the extent that it seeks an award of attorney's fees and costs. The Court will allow the parties to fully brief the issue of attorney's fees and costs at a later date set by the Court so that the Court may address attorney's fees and costs in all related cases at one time.

### III.   CONCLUSION

Accordingly, there being no reason for delay, it is **ORDERED** that:

1.     Plaintiff's Motion for Entry of Final Judgment (Dkt. 62) is **GRANTED in part and DENIED in part**;

2.     The Clerk is **DIRECTED** to enter final judgment in favor of Plaintiff and against Defendants;

3.     Plaintiff shall recover against all Defendants, jointly and severally, $2,509.30 in unpaid wages and $2,509.30 in liquidated damages;

4.     Plaintiff shall recover against Defendant First Choice Medical Group of Brevard, LLC, $4,356.09 in unpaid wages; and

5.     The Motion is **DENIED without prejudice** to the extent it seeks attorney's fees and costs. Plaintiff is relieved of his obligation to file a motion for attorney's fees and costs by the required deadlines pursuant to the Local Rules. The Court will enter a separate order setting a briefing scheduling for any forthcoming motion for attorney's fees and costs upon the conclusion of all related cases.

**DONE** and **ORDERED** in Orlando, Florida, on April 18, 2024.

_____

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record